NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 4 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

LOURDES NAVARRO, AKA Lulu,

Defendant - Appellant.

No. 25-661

D.C. No.
2:22-cr-00154-SB-2

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Stanley Blumenfeld, Jr., District Judge, Presiding

Argued and Submitted October 23, 2025
Pasadena, California

Before: R. NELSON and VANDYKE, Circuit Judges, and COLE, District Judge.[**]

Defendant-Appellant Lourdes Navarro appeals the district court's denial of

her motion to dismiss the indictment and entry of final judgment. We have

jurisdiction under 28 U.S.C. § 1291, and we review de novo. *United States v. Blixt*,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Douglas Russell Cole, United States District Judge for the Southern District of Ohio, sitting by designation.

548 F.3d 882, 886 (9th Cir. 2008). We affirm.

1. The district court correctly denied Navarro's motion to dismiss the indictment, which sufficiently alleged conspiracy and healthcare fraud in violation of 18 U.S.C. §§ 1347, 1349. The indictment alleged that insurers reimburse only for medically necessary services, that Navarro performed unnecessary respiratory pathogen panel (RPP) tests on nasal swabs collected from asymptomatic individuals for COVID-19 screening, and that Navarro billed over $455 million to insurers for those additional RPP tests that she knew to be medically unnecessary. These allegations constituted a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim P. 7(c)(1). And the indictment had "adequate detail to inform the defendant of the charge." *United States v. Kaplan*, 836 F.3d 1199, 1216 (9th Cir. 2016) (citation omitted). Thus, the indictment was facially sufficient.

Navarro's counterarguments do not persuade us otherwise. First, Navarro contends that regulations in effect during the COVID-19 pandemic lifted the statutory requirement that "[p]articipating providers are required to ensure that any services rendered to Medicare recipients are supported by sufficient evidence of medical necessity." *United States v. Popov*, 742 F.3d 911, 912–13 (9th Cir. 2014) (citing 42 U.S.C. §§ 1320c-5(a)(1), 1395y(a)(1)(A)). But the regulations did nothing to alter the medical-necessity requirement; they merely suspended the

2

25-661

traditional physician-order requirement for otherwise necessary COVID-19 testing. *See* 42 C.F.R. § 410.32(a)(3). Indeed, when HHS published § 410.32(a)(3), it explained that it did nothing "to permanently or temporarily waive the reasonable and necessary statutory requirement, which . . . cannot be waived." 85 Fed. Reg. 27550, 27595. The COVID-19 regulations and guidance Navarro cites neither waived the medical-necessity requirement nor authorized the mass testing of healthy individuals for additional illnesses. The indictment was facially sufficient, and Navarro's guilty plea to one count of conspiracy to commit healthcare fraud was valid.

Second, Navarro contends that RPP tests on asymptomatic individuals in high-risk settings were, in fact, medically necessary (and therefore not fraudulent). But because the indictment alleged the RPP tests were unnecessary and fraudulent— and nothing in the regulations or guidance establishes the contrary proposition—the indictment placed the matter of medical necessity properly in dispute for trial. "Reasonable people could indeed interpret the [regulations at issue here] differently. But this is what juries are for." *United States v. Elfenbein*, 144 F.4th 551, 567 (4th Cir. 2025). Had Navarro pleaded not guilty and proceeded to trial, it would have been for a jury to decide whether the tests were medically unnecessary and, if so, whether Navarro billed for them with the requisite scienter. At bottom, Navarro's arguments based on regulations and extrinsic sources may have yielded viable

arguments at trial, but they were not grounds to dismiss the facially sufficient indictment. *See United States v. Enriquez*, 131 F.4th 940, 943 (9th Cir. 2025).

2.     The district court also correctly rejected Navarro's argument that § 1347 is unconstitutionally vague.  Navarro fails to identify any ambiguous term in the plain text of the statute.  And Navarro's concerns with regulatory ambiguity are inapt because neither the indictment nor the statute relies on or incorporates any regulatory standard.  *See United States v. Franklin-El*, 554 F.3d 903, 911 (10th Cir. 2009); *see also United States v. McLean*, 715 F.3d 129, 136–37 (4th Cir. 2013).  Additionally, the healthcare fraud statute "provide[s] a person of ordinary intelligence fair notice" that submitting massive amounts of insurance claims for medically unnecessary services is prohibited.  *United States v. Williams*, 553 U.S. 285, 304 (2008).

Finally, § 1347's requirement that a jury find that Navarro "knowingly and willfully" committed healthcare fraud is a scienter requirement that "alleviates vagueness concerns, narrows the scope of the statute's prohibition, and limits prosecutorial discretion."  *McFadden v. United States*, 576 U.S. 186, 197 (2015) (cleaned up).  We have held that "inclusion of a [willfulness] scienter requirement mitigates a law's vagueness, especially with respect to the adequacy of notice to the complainant that his conduct is proscribed."  *United States v. Kahre*, 737 F.3d 554, 572 (9th Cir. 2013) (cleaned up).  And other circuits have so held even as to § 1347

4                                                   25-661

specifically. *Franklin-El*, 554 F.3d at 911; *McLean*, 715 F.3d at 137. In sum,

18 U.S.C. §§ 1347 and 1349 are not unconstitutionally vague as applied to Navarro.

**AFFIRMED.**